## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CARL PETZ,

       Petitioner,

v.                                  CASE NO:  8:06-CV-2232-T-30EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

       Respondents.
_____/

## ORDER

     Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1).  The Court has considered the petition, Respondents' response (Dkt. #19) and Petitioner's reply (Dkt. #24). After having reviewed the arguments of the parties, the Court determines that the petition should be dismissed in part because it is time-barred and denied in part because the remaining grounds fail to meet the threshold required for relief by 28 U.S.C. §2254.  Had the claims that were dismissed as time-barred not been dismissed, they would also fail on the merits.

## BACKGROUND

     Carl Petz (hereinafter "Petitioner" or "Petz") was charged in one information with five counts of robbery with a firearm.  At Petz' request, counts two, three, and five were severed

for separate jury trials. He pled guilty to counts one and four and, on July 9, 2001, was sentenced to ten years in prison on each with the sentences running concurrently. Petz did not appeal these plea-based judgments nor does he make any claims concerning them in the petition presently before this Court. Therefore, they will not be addressed further.

Petz' petition is somewhat confusing in that his claims sometimes pertain to more than one conviction and other times refer to no conviction in particular. The Court will discuss the claims as they pertain to each separate conviction in the order in which the counts were tried.

Count Five (the Dollar General armed robbery) was tried June 12-14, 2000. Petz was found guilty and on June 28, 2000, was sentenced as an habitual felony offender to life in prison followed by a fifteen year minimum mandatory prison term.

Count Two (the South Beach Tanning Salon armed robbery) was tried by a jury on May 29-31, 2001, and the jury found Petz guilty as charged. Petz was sentenced on June 8, 2001, and sentenced as an habitual felony offender to life in prison plus a fifteen year mandatory prison term.

Count Three (the Majik Touch Cleaners armed robbery) was tried June 1, 2001, and the jury found Petz guilty of the lesser offense of robbery with a "weapon." Petz was sentenced on June 8, 2001, as an habitual felony offender and an habitual violent felony offender to life in prison plus a fifteen year minimum mandatory prison term.

Petz' present federal habeas petition was filed on November 27, 2006.

## DOLLAR GENERAL ROBBERY

Petz was sentenced on June 28, 2000, on the Dollar General robbery.  He was sentenced almost a year later, June 8, 2001, on the South Beach Tanning Salon and Majik Touch Cleaners robberies.  Petz filed a separate direct appeal, as he was required to do, within thirty days from the date he was sentenced on the Dollar General robbery and later filed direct appeals on the other two trials.

As to the Dollar General appeal, the state district court *per curiam* affirmed the judgment of conviction on December 7, 2001, without written opinion.  Petz v. State, 808 So.2d 222 (Fla. 2d DCA 2001) [table].  The mandate issued February 4, 2002.  Therefore, his judgment became final on February 4, 2002, and he had until February 3, 2003, to file a habeas petition in this Court under 28 U.S.C. § 2254.  Jackson v. Sec. Dept. of Corr., 292 F. 3d 1347 (11th Cir. 2002).

Since Petz' petition was filed after April 24, 1996, it is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  The AEDPA established a one year statute of limitations for federal habeas corpus petitions.  28 U.S.C. §2244(d)(1).  The limitation period begins to run from the latest of:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).  In Petz' case, the one year period began to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeing such review."

Respondents raised this issue of timeliness in their motion to dismiss which they filed as a part of their response.  Petitioner addressed the timeliness issue both in his original petition and in his reply.  In his original petition, Petitioner argued that the date of the last mandate from his last appeal would start the limitations period because all charges arose or stemmed from a single information.  He also argues that he was prevented from filing his federal petition earlier because he was denied the opportunity "to fully develop his factual basis of his claims in state post conviction proceedings by the direct fault of the state trial court although he made diligent efforts to do so."  Reply brief, p. 4.  He further argues that his claims as to the Dollar General robbery are timely because he filed a motion for extension of time to file his state Rule 3.850 motion which was never ruled upon by the state  court. Reply brief, p. 5.  And, lastly, Petz argues that he is entitled to "equitable tolling under extraordinary circumstances that are both beyond his control and unavoidable even with dilligence (sic), because of appellate counsel's fault, attributable to petitioner to timely file the instant petition."   Reply brief, p. 6.  Petz' arguments to circumvent the time bar fail.

The inclusion of several counts in one charging document does not alter the date on which the limitation period begins.  The one year limitations period begins to run from "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1).  That direct review ends when the mandate is issued in the state appellate court. Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) *cert. denied*, 534 U.S. 1144, 122 S.Ct. 1101 (2002) and Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079 (2007).

Petz' other arguments fail as well.  Whether or not the state trial court gave Petz an evidentiary hearing and whether or not appellate counsel notified him of the time requirements within which he must file his federal petition, the time bar is not excused.  The lack of an evidentiary hearing does not prevent a prisoner from filing a §2254 petition. Likewise, lawyer negligence does not excuse the time bar nor entitle a petitioner to equitable tolling.  See Sandvik v. United States, 177 F.3d 1269, 1272 (11th Cir. 1999)  ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.") (Citations omitted.)

Petz did file a motion for extension of time within which to file his motion for post-conviction relief, but that motion was not filed until July 22, 2003, more than five months after his one year limitation period had already expired.  Even though his motion for extension of time was "properly filed" under the state rules, the motion was not "pending" in order to toll the limitations period.  A state court motion or petition that is filed after the expiration of the federal limitations period "cannot toll because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).  Therefore, all of

Petz' claims concerning the Dollar General robbery will be dismissed as time-barred.

Even if Petz' claims concerning his Dollar General conviction were not time-barred, they would fail on the merits. It appears from the petition that claims four, five, six, seven, eight, twelve, sixteen, seventeen, eighteen and nineteen pertain to the Dollar General robbery and are time-barred. Petitioner's claims overlap in many instances (i.e. his claims often refer to more than one conviction). Since this Court wishes to explain to Petitioner why his claims as to the Dollar General conviction would fail on the merits even if not time-barred, the Court will address the merits of those claims with the others.

## STANDARD OF REVIEW

Under AEDPA, this Court is limited in its habeas review of a state court conviction to determine only whether a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). In doing so, this Court is required to give deference to state court rulings concerning a petitioner's claims. This Court cannot grant habeas relief unless a petitioner establishes that the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court law, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1) and (2). That is, the burden is on the Petitioner to show how the state court unreasonably applied federal law as enunciated by the United States Supreme Court or made an unreasonable determination of the facts from the evidence before it.

## DISCUSSION OF THE MERITS

At the outset, the Court notes that Petitioner has not cited one Supreme Court case that he claims was misapplied by the state court.  Petitioner merely makes general conclusory statements concerning his federal constitutional rights.  Conclusory statements are insufficient to meet one's burden under AEDPA.  With that preface, the Court now turns to the individual claims.

### GROUND ONE - SOUTH BEACH TANNING SALON ROBBERY

**The trial court erred by refusing to allow impeachment of victim with their (sic) prior inconsistent statement.**

In support of this ground, Petz argues that during cross examination, the victim admitted that she had stated at least three times during her deposition given the night before trial that she was angry with the robber.  After the witness was asked whether or not she was scared that night and an objection by the prosecutor was overruled, the witness testified that she became frightened when she saw the gun.  Apparently, during her prior deposition she was not asked and therefore did not say whether she was scared.  When defense counsel asked the victim on cross whether or not this was the first time she had said she was scared, the state objected, and this time the objection was sustained.  Petitioner asserts that a party may attack the credibility of a witness by introducing prior inconsistent statements including material omissions.

This Court does not consider the state court ruling to be incorrect, but that is not an issue for review here.  As stated previously, this Court is limited on habeas review to

deciding whether a conviction violated the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a).  This Court is not an appellate court that sits in review of evidentiary rulings made under state law.  A claim that an evidentiary ruling was incorrect under state law is not a basis for habeas relief.  Estelle v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 482 (1991).  To be cognizable on federal habeas review, a state evidentiary ruling must offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.  Montana v. Egelhoff, 518 U.S. 37, 116 S.Ct. 2013 (1996).  The evidentiary ruling in question here does not rise to such a level.

The argument fails for another procedural reason.  When Petz raised this issue on direct appeal, he argued only that it was an erroneous evidentiary ruling under state law.  He did not argue that it also violated his federal constitutional rights.  Therefore, the federal constitutional dimension of this potential argument has been waived and is procedurally barred here.  Sullivan v. Wainwright, 695 F.2d 1306 (11th Cir. 1983).  A claim that is unexhausted in state court is not reviewable by this Court unless the Petitioner can show cause for the default and actual prejudice.  Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497 (1977), or by establishing the kind of fundamental miscarriage of justice occasioned by constitutional violation that resulted in the conviction of a defendant who was "actually innocent."  Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639 (1986).  Petz has not presented cause to excuse his default and is procedurally barred from raising this claim here.

## GROUND TWO - SOUTH BEACH TANNING SALON ROBBERY

**The trial court erred by denying appellant's motion for mistrial after state witness offered evidence contrary to the Court's previous rulings.**

In support of ground two, Petitioner states the following:

Five counts of robbery with a firearm were severed for trial in the instant case. In addition, prior to trial, appellant moved in limine to preclude the admission of evidence pertaining to a green Barnett Bank bag containing a weapon and a large amount of cash that was found in the constructive possession of the appellant some three weeks subsequent to the robbery herein. Following arguments by the parties, the trial court granted the motion in limine as to "the cash in the bag."

During the state's case-in-chief, Kurt Drummond testified that, a week before the appellant's arrest, he and the appellant and their girlfriends were staying in a hotel. . . . During that time, Drummond observed a green Barnett Bank bag on the dresser. The contents of the bag made an impression on Drummond. Upon further questioning by the prosecutor as to how he knew the bag belonged to the appellant, Drummond responded, "Well, I just seen it sitting on the dresser and I - it was full of money. And I was like, what's up with that?" A motion for mistrial was (sic) subsequently made by appellant was denied. However, in clear recognition that the evidence was inadmissible, the Court instructed the jury to disregard "the statement this witness just made."

. . .

During closing argument, the prosecutor argued that appellant was arrested by the Pasco County Sheriff's Department on May 9, 1998, "but not for this charge." After ordering a read back, the Court denied a motion for mistrial.

The bank bag, which contained a weapon and apparently enabled the appellant to live in a hotel and party all day and night, was seized at the time of appellant's arrest. Although the bank bag was apparently full of cash the week before appellant's arrest, appellant only netted approximately $60 from the robbery of the South Beach Tanning Salon three weeks earlier.

Petz asserts that the trial court erred in denying these two motions for mistrial. Like ground one, this ground fails because it concerns state law evidentiary issues and is

procedurally barred.

An alleged error on a state evidentiary ruling is generally not cognizable in a petition for federal habeas relief. <u>Estelle v. McGuire</u>, 502 U.S. 62, 72, 112 S.Ct. 475, 482 (1991). Federal habeas relief will lie only where a petitioner shows "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). State evidentiary rulings rarely rise to the level of violating one's federal constitutional rights. It is possible for a state evidentiary ruling to violate one's rights under the due process clause of the Fourteenth Amendment, but to do so, the ruling must be so highly prejudicial it renders the trial fundamentally unfair. <u>Payne v. Tennessee</u>, 501 U.S. 808, 111 S.Ct. 2597 (1991). The alleged errors asserted by Petz here (and this Court does not consider that they were in fact errors) did not render his trial fundamentally unfair. The trial court gave a curative instruction when the witness Drummond made a statement concerning the cash in the bag and the state did not pursue that line of questioning. And the prosecutor's remark in closing argument that Petz had been arrested on a certain date, "but not for this charge," does not suggest prior robberies. Petz does not point to any federal law that was violated by the prosecutor in making such an innocuous statement.

And, like ground one, Petz failed to argue in state court that these statements violated his federal constitutional rights. Claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred. <u>Sullivan v. Wainwright</u>, 695 F.2d 1306, 1310 (11th Cir.), *cert. denied*, 464 U.S. 922, 104 S.Ct. 290 (1983). Since these arguments were not raised in state court, Petz is now procedurally barred

from making them here unless he can show cause for his default and actual prejudice. Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497 (1977). He has demonstrated neither cause nor actual prejudice and is therefore procedurally barred on this claim.

## GROUND THREE - MAJIK TOUCH CLEANERS ROBBERY

**The trial court erred by restricting cross-examination of the victim and only eye witness to the crime as to her motivation to testify falsely.**

Petitioner states that this claim relates to the South Beach Tanning Salon robbery, but since he identifies the victim to be Susan Hayes, it appears that this ground actually relates to the Majik Touch Cleaners robbery. In support of this claim, Petitioner states:

> When Susan Hayes, the alleged victim and only eye witness to the alleged robbery, was asked about previously being accused of stealing from her employer, Majik Touch Cleaners, the prosecutor objected. Thereafter, during a proffer, Hayes testified that she had been questioned previously by the authorities regarding the theft of several days profits from the store. Hayes had been the last person to close the store and the first person to open it the day after the money went missing but was never charged with a crime.

> At the conclusion of the proffer, the lower court declined to entertain argument on the issue and sustained the prosecutor's objection to this line of inquiry. Moreover, at the request of the State, the court instructed the jury to "absolutely, positively, disregard" the question "partially posed by counsel" for appellant.

Petz does not cite to any United States Supreme Court case that was violated by this evidentiary ruling. As previously stated in grounds one and two, it is rare for state evidentiary rulings to rise to the level of violating one's federal constitutional rights. One's remedy for a violation of state evidentiary rules is to raise the issue with the state appellate courts. Petz raised this issue on direct appeal and lost. The state appellate court apparently

determined that the trial judge did not abuse his discretion in making this evidentiary ruling.

Normally, impeachment concerning prior criminal acts is limited to the existence of prior felony convictions or convictions for crimes involving moral turpitude.  Here, there were no such convictions.  If the requested impeachment concerned prior "bad acts," Petitioner never established that there were any prior "bad acts" to bring to the jury's attention.  Being questioned by the authorities on a previous occasion not involving this robbery is not a "bad act."  Therefore, there was nothing improper about the state court's evidentiary ruling in limiting the cross-examination in this area.

Because ground three does not raise a claim that rises to the level of a federal constitutional violation, and because the claimed trial court error does not appear to be an error at all, ground three will be denied.

## GROUND FOUR - DOLLAR GENERAL ROBBERY

**The trial court erred in denying the motion to suppress impermissibly suggestive identifications.**

In support of ground four, Petitioner states:

The police in this case showed two witnesses a surveillance photo taken of Petitioner in an unrelated case.  Both witnesses, Christina Wilbert and Penny Gehlen, were unable to identify Petitioner from this photo.  A few days later, both women were shown a photo pack and both selected Petitioner's photo.  These subsequent identifications were impermissibly tainted by the witnesses getting to see a single photo of Petitioner.

Neither in the state court nor in his petition does Petz point to any federal case law that supports his claim that the identification was "impermissibly tainted."  An unnecessarily suggestive eye witness identification may be a violation of one's due process rights if it is

conducive to a mistaken identification.  <u>Manson v. Brathwaite</u>, 432 U.S. 98, 97 S.Ct. 2243 (1977).  It is not whether the identification procedure used was suggestive, but whether the identification was reliable.  Even suggestive procedures might be reliable.  <u>Neil v. Biggers</u>, 409 U.S. 188, 93 S.Ct. 375 (1972).

One of the two eye witnesses, Penny Gehlen, knew Petz prior to the robbery and recognized him.  The fact that she was shown a blurred surveillance photo of the perpetrator and was unable to identify Petz from it, does not make her later identification of Petz in a photo pack any less reliable.  And the other eye witness had ample opportunity to observe the perpetrator of the robbery during the event.  Petz does not point to any of the factors listed in <u>Neil</u> that would indicate the identification of him from the photo pack was a mistake resulting from an overly suggestive process.

Ground four would fail for lack of merit even if it were not time-barred.

## <u>GROUND FIVE - DOLLAR GENERAL ROBBERY</u>

**The trial court erred in failing to conduct a proper <u>Nelson</u> inquiry.**

In support of ground five, Petitioner states:

Petitioner stated that he wanted to discharge his attorney because the attorney was ineffective and not working on his case.  The trial court did not conduct a <u>Nelson</u> inquiry.  The judge failed to ask Petitioner specific questions about what Hammond's failures were as his attorney.  The judge could make no informed determination about whether the Petitioner's complaint was meritorious since it failed to conduct the required inquiry.

. . .

The trial court told the Petitioner that he would have to represent himself if the Court granted his motion.  This would only have been true if the complaint had

no merit and the Petitioner continued to insist on firing his attorney.  However, even given the Court's premature conclusion that the claim was meritless, the Court never gave Petitioner the opportunity to represent himself.  The judge told the Petitioner that he did not know enough to represent himself and insisted the trial resume over Petitioner's objection.

Once again, the claim asserted concerns state procedural rules, not a violation of federal constitutional rights.  Under the state law of Florida, when a defendant asks that his counsel be discharged, the state court is to determine whether adequate grounds exist for the attorney's discharge.  Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).  If no such grounds exist, the court must then advise the defendant that if counsel is discharged, the defendant must represent himself because no new counsel will be appointed.  Hardwick v. State, 521 So.2d 1071 (Fla. 1988).  Petz' claim that the state court made an inadequate inquiry under state law does not provide a basis for federal habeas relief.  He must point to rights secured by the federal Constitution that have been violated.

Under the federal Constitution, a criminal defendant has a Sixth Amendment right to an attorney and the right of self-representation if he chooses.  The right to an attorney includes the right to the effective representation.  Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).  In this claim, Petz does not point to any deficient performance on the part of his attorney that would have violated his right to effective representation under Strickland.  Further, he does not claim that he made an election to represent himself.  A defendant in a state criminal trial has an independent constitutional right of self-representation when he voluntarily and intelligently elects to do so.  Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525 (1975).  Absent a claim that he elected to represent himself, Petz has

not asserted that his federal right of self-representation was violated.

On direct appeal, Petz argued these claimed violations under state procedural rules, but did not raise the issue that any of his federal constitutional rights under the Sixth Amendment were violated.  As discussed above, since he did not raise the federal dimension of this claim, it is unexhausted and procedurally barred here.

The day of trial, Petz complained that his lawyer had not come to see him about his case.  He did not claim any particular deficiency on the part of his counsel, nor did he describe how he was prejudiced.  Then, during trial, Petz complained that witnesses were mingling.  He sought to discharge his counsel because counsel was not preventing witnesses from mingling.  He also claimed that he had conflicts with his counsel.  Once again, Petz does not describe any particular deficient performance by counsel or describe how any such performance prejudiced him other than making general conclusory statements that the trial would have come out differently.  Such generalized statements are not sufficient to show counsel to be ineffective under <u>Strickland</u>.  Petz has not demonstrated that the state court unreasonably applied federal law under either <u>Strickland</u> or <u>Faretta</u>.

Therefore, ground five is not only time-barred, it is also procedurally barred and fails on the merits.

## <u>GROUND SIX - DOLLAR GENERAL ROBBERY, SOUTH BEACH TANNING SALON ROBBERY, AND MAJIK TOUCH CLEANERS ROBBERY</u>

In support of ground six, Petitioner states:

Petitioner openly and repeatedly made requests to trial court to allow him to testify on his own behalf during trial.  Counsel refused to allow the Petitioner to testify and exercise his right.

Petitioner makes this claim as to all three jury trials, the Dollar General robbery, the South Beach Tanning Salon robbery, and the Majik Touch Cleaners robbery.  Petitioner made these same claims before the state court in his Rule 3.850 motions.  The state court ruled as follows:

Dollar General Robbery

Defendant alleges, without providing any specific support for his claim, that counsel refused to allow him to testify.  Defendant's claim is conclusively refuted by the record.  Defendant was advised by the Court that it was Defendant's prerogative whether to testify or not.  *See Trial Transcript*, pp. 341-342.  Defendant acknowledged to the Court that he was choosing not to testify of his own free will.  *See Trial Transcript*, pp. 342.

South Beach Tanning Salon Robbery

Defendant alleges, without providing any specific support for his claim, that counsel refused to allow him to testify.  Defendant's claim is conclusively refuted by the record.  Defendant was advised by the Court that it was ultimately Defendant's decision whether to testify or not. *See Trial Transcript*, pp. 590.  Defendant acknowledged to the Court that he did not want to testify, had sufficient time to discuss his decision with counsel, and was comfortable with his decision not to testify.  *See Trial Transcript*, pp. 590-594.

Majik Touch Cleaners Robbery

Defendant alleges, without providing any specific support for his claim, that counsel refused to allow him to testify.  Defendant's claim is conclusively refuted by the record.  Defendant was advised by the Court that the decision whether to testify or not was ultimately Defendant's decision and counsel could only make a recommendation.  *See Trial Transcript*, pp. 494-495.  Defendant acknowledged to the Court on two separate occasions that he was satisfied with his decision not to testify.  *See Trial Transcript*, pp. 495, 568-570.

Petitioner's claim in ground six is contrary to the facts established by the record.  The state trial court did not make an unreasonable determination of the facts or an unreasonable application of <u>Strickland</u> to the facts.  The claim as to the Dollar General robbery is time-barred and the claim fails as to all three robberies on its merits.

## GROUND SEVEN - THE DOLLAR GENERAL ROBBERY AND THE SOUTH BEACH TANNING SALON ROBBERY

**Ineffective assistance of counsel - failing to file a motion to suppress.**

Petitioner's ground seven purports to apply to both the Dollar General robbery and the South Beach Tanning Salon robbery.  But the arguments supporting ground seven only refer to witness Lorraine Cesare.  In any event, the Court will address ground seven as if it applied to both robberies with a different witness in each.  In ground seven, Petitioner contends that his counsel was ineffective for failing to file a motion to suppress the out-of-court identification made by witnesses because the procedure used was unduly suggestive.

Petitioner raised these claims with the state trial court which ruled as follows:

Dollar General Robbery

Defendant claims that counsel was aware that the victim was shown a single photograph of Defendant prior to her being shown the six-picture photo pack, and should have moved to suppress the identification as being highly suggestive.  Defendant's claim is refuted by the record.  Counsel did file a motion to suppress the witness' identification, and argued such motion on the morning of trial.  *See motion to suppress photo ID; Trial Transcript*, pp. 158-162.

South Beach Tanning Salon Robbery

Defendant claims that counsel was aware that the witness had seen Defendant's picture in the media before being shown the photo pack from

which she positively identified Defendant. Defendant claims that counsel should have objected or moved to suppress the witness' identification or to strike her testimony as being tainted and clearly suggestive. Defendant's claim is without merit. The witness testified that she had seen the composite drawing of Defendant in the newspaper, but that she could not remember if that was prior to or after seeing the Defendant's picture in the photo pack. *See Trial Transcript*, pp. 371. She also testified that she saw Defendant clearly on the date of the robbery and that, if she had seen the composite drawing prior to seeing the photo pack, it would not have influenced her identification. *See Trial Transcript*, pp. 372-378. There was no suggestion of improper or suggestive procedure on the part of law enforcement. The fact that the witness had previously seen a picture of Defendant would not be grounds to suppress her identification or to strike her testimony, but would be a subject for consideration of the credibility of the witness' testimony. Counsel questioned the credibility of the witness' testimony on cross-examination and during closing argument. *See Trial Transcript*, pp. 379-388, 636-638. Moreover, Defendant's previous counsel from his first trial in this case did file a motion to suppress the witness' identification of Defendant. *See motion to suppress; motion to suppress photo ID.*

Petz does not point to any factors under federal law to support his claim that the out-of-court identification was overly suggestive. <u>See</u> <u>Neil v. Biggers</u>, 409 U.S. 188, 93 S.Ct. 375 (1972). The only fact he asserts is that the witness may have seen a composite drawing or photo prior to making the identification. That by itself is insufficient to show that the identification was not reliable.

Not only is Petz incorrect when he says counsel did not file a motion to suppress, he does not demonstrate the state trial court incorrectly applied established federal law to the facts before it.

Ground seven is time-barred as to the Dollar General robbery, and as to both robberies fails on the merits.

## GROUND EIGHT - DOLLAR GENERAL ROBBERY, SOUTH BEACH TANNING SALON ROBBERY, AND MAJIK TOUCH CLEANERS ROBBERY

**Ineffective assistance of counsel - failure to obtain firearms expert.**

In support of ground eight, Petitioner states:

The jury found Petitioner guilty of robbery with a firearm.  It was manifest that a BB gun was used during the commission of the robbery.  Detective Law testified to such within his arrest report and during trial proceedings.  The jury heard comments by the prosecution regarding the BB gun as a firearm. . . . Counsel was aware that the Second District Court of Appeal held that a BB gun is not a firearm because a firearm expels a projectile by an explosion.  Wherein, the BB gun is air propelled, gas or objection (sic) to the erroneous verdict forms presented would have negated any possibility for the jury to be erroneously influenced contrarily (sic) to binding authorities.

Had counsel properly objected, the jury would have rendered a verdict less than robbery with a firearm to a finding of not guilty as charged.

Petz claims his counsel was ineffective for failing to hire a firearms expert. Apparently, he wanted a firearms expert to testify that a BB gun is not a firearm.  Petz asserts that the Second District Court of Appeal had already ruled that a BB gun is not a firearm. If so, that would make the issue a matter of law and no fact witness would be necessary.

Petz claims that he raised this issue as to all three jury trials in his Rule 3.850 motions. This Court cannot find that direct issue raised in the Dollar General robbery 3.850 motion, but a similar issue was raised and addressed by the state trial court, to wit:  faulting his counsel for failing to move the Court for a physical evidence test upon the BB gun to prove how its projectile is expelled.  The state court's response to that issue is explanatory and is repeated here along with the state court's response to Petz' claim that a firearm expert was needed in the South Beach Tanning Salon robbery and the Majik Touch Cleaners robbery

trials.  The state court ruled as follows:

Dollar General Robbery

As previously discussed, the issue in this case was not whether a BB gun meets the definition of a firearm, but whether the BB gun recovered was the same gun used in the robbery, or whether the witness saw a BB gun or saw a firearm.  Based on a question presented by the jury during deliberations, it is clear that the jury understood that a BB gun does not meet the definition of a firearm, but nevertheless found Defendant guilty of robbery with a firearm based on the facts of the case as presented.  *See Trial Transcript*, pp. 409-414.  No physical evidence test was necessary to establish that a BB gun is not a firearm, as such is established by law.  Therefore, counsel cannot be considered ineffective for failing to request an unnecessary test.

South Beach Tanning Salon Robbery

The issue in this case was not whether a BB gun meets the definition of a firearm, but whether the BB gun recovered was the same gun used in the robbery, or whether the witness saw a BB gun or saw a firearm.  The operation of a BB gun was explained to the jury.  *See Trial Transcript*, pp. 487-493.  During such explanation, it was clearly stated that a BB gun is not a firearm.  *See Trial Transcript*, pp. 491.  There was extensive argument during the defense's motion for judgment of acquittal over the issue of whether the fact that the Defendant was found with a BB gun, which it was accepted was not a firearm, would prevent the case from going to the jury on a charge of robbery with a firearm.  *See Trial Transcript*, pp. 550-553, 594-597, 602-622.  There having been no question as to whether a BB gun is a firearm, no expert testimony was necessary.  Counsel cannot be considered ineffective for failing to present testimony that was unnecessary.

Majik Touch Cleaners Robbery

The issue in this case is not whether a BB gun meets the definition of a firearm, but whether the BB gun recovered was the same gun used in the robbery, or whether the witness saw a BB gun or saw a firearm.  The question of a BB gun was explained to the jury.  *See Trial Transcript*, pp. 466-467.  It was clearly stated on several occasions that a BB gun is not a firearm.  *See Trial Transcript*, pp. 477-478, 649-650, 663-665.  Counsel argued for a judgment of acquittal based on the fact that a BB gun was not a firearm and, therefore, the facts did not support the offense charged.  *See Trial Transcript*,

pp. 591-593, 605-606.  There having been no question as to whether a BB gun is a firearm, no expert testimony was necessary.  Counsel cannot be considered ineffective for failing to present testimony that was unnecessary.

Moreover, even if the jury had not been specifically noticed that a BB gun was not a firearm,  the Defendant cannot establish that he was prejudiced from any failure on the part of counsel to present expert testimony.  Defendant was not convicted of robbery with a firearm but with the lesser included offense of robbery with a weapon.  *See Verdict*.  Defendant having failed to establish either that counsel was deficient or that he was prejudiced by the alleged deficiency in accordance with the test established in Strickland v. Washington, 466 U.S. 668 (1984), Defendant's claim of ineffective assistance of counsel is denied accordingly.

The state trial court reasonably applied the Strickland standard to determine whether counsel was ineffective.  The trial court determined that a firearms expert was not necessary and counsel's performance was neither deficient nor prejudicial.  That a BB gun is not a firearm was not disputed in any of the three trials.  In fact, Petz' counsel argued for acquittal on that very ground.  But it was within the province of the jury to decide whether the item used in the robbery was a BB gun or a firearm.

This ground is time-barred as to the Dollar General robbery and fails on the merits as to all three robberies.

## GROUND NINE - SOUTH BEACH TANNING SALON ROBBERY

**Ineffective assistance of counsel - failure to object to verdict form.**

In support of ground nine, Petitioner states:

Petitioner's counsel reviewed the jury verdict form before it was given to the jury. . . . Counsel was aware that the court of appeals had ruled that a BB gun was not classified as a firearm under Florida Statutes.  Counsel still allowed the court to submit erroneous jury verdict forms into deliberation with the jury.

. . .

Had counsel properly objected, the jury would have rendered a verdict less than robbery with a firearm to a finding of not guilty as charged.

Petz presented the same argument to the state trial court in his 3.850 motion.  The state trial court ruled:

> Defendant was charged with robbery with a firearm.  *See Information*.  That is the charge that the State was attempting to prove, and that counsel was defending against.  Counsel cannot object to the inclusion of the crime charged on the verdict form.  Again, as established in the  discussion of ground three, counsel argued for judgment of acquittal on the robbery with a firearm charge and, after extensive discussion, the Court denied counsel's motion and determined that the question of whether Defendant committed robbery with a firearm is a question for the jury to decide based on the facts of the case.  *See Trial Transcript*, pp. 550-553, 594-597, 602-622.  By arguing for judgment of acquittal on the crime charged, counsel basically did object to the inclusion of robbery with a firearm on the verdict form.

The state trial court properly applied <u>Strickland</u> and properly determined that trial counsel was not ineffective.  Counsel did argue for acquittal on the robbery with a firearm charge and cannot be faulted because the Court ruled contrary to his argument.  And, the state court is correct that it is not improper to include the crime charged on the verdict form as long as evidence of each element of the crime has been presented to the jury.

Since the trial court did not make an unreasonable determination of facts from the evidence nor unreasonably apply <u>Strickland</u>, this claim fails on the merits.

## <u>GROUND TEN - SOUTH BEACH TANNING SALON ROBBERY</u>

**Ineffective assistance of counsel - cumulative errors.**

In support of ground ten, Petitioner states:

Petitioner's counsel during the stages of his criminal proceedings committed errors that became detrimental to Petitioner receiving a just fact-finding proceeding with the full panoply of due-process rights assured by the Florida and Federal Constitutions.

. . .

Had counsel properly objected and allowed Petitioner to testify on his own behalf, Petitioner would not have been found guilty at trial, due to counsel's performance satisfying the requirements of the Sixth Amendment and Petitioner would not be suffering from a manifest injustice.

In this ground, Petitioner reasserts the alleged cumulative errors argued previously concerning trial counsel.  Since all of those previous arguments failed on the merits, reasserting them on a cumulative basis fares no better.  Therefore, this ground fails.

## GROUND ELEVEN

The petition skips from ground ten to ground twelve.  There is no ground eleven.

## GROUND TWELVE - DOLLAR GENERAL ROBBERY AND MAJIK TOUCH CLEANERS ROBBERY

**Ineffective assistance of counsel - refusing to call alibi witnesses.**

In support of ground twelve, Petitioner states:

Petitioner informed counsel that he had an alibi witness that could bear witness that he was somewhere else at the time the offenses were committed. Petitioner informed counsel of the name of his alibi witness and where counsel could locate him, but counsel refused to investigate and present the alibi witness. . . . Counsel's reason for doing so was that Petitioner's alibi witness had long hair and tattoos and because he would not make a good witness due to the jury not going to (sic) believe him because of his appearance.

. . .

Defense counsel was also informed that Virginia Petz was an alibi witness. . . . Virginia Petz would have testified that the Petitioner was present with her during the time of the alleged offense.  This witness would have also been able to inform the jury as to how long it would have taken the Petitioner to leave her presence, the amount of time it would have taken to arrive at the scene of the crime.

. . . Had the alibi been presented to the jury, the jury would have found the Petitioner not guilty.

Petz made this same argument in his 3.850 motions attacking two of his three jury

trials.  The state court reviewed the record and ruled:

Dollar General Robbery

Defendant alleges that he informed counsel that Virginia Petz could provide an alibi for the time he was present, the time of the robbery's occurrence, and the time it would take to get to the location of the robbery.  Defendant claims that the witness would be able to establish that there was not enough time for him to have left her home, get to the bar at which several witnesses saw him, and get to the Dollar General where the robbery occurred by the time it occurred.

The witnesses who testified that they saw Defendant at the bar were not able to state what time they saw him.  *See Trial Transcript*, pp. 303-304, 309-310, 314-318, 320-323, 339-340.  Defendant does not allege that Virginia Petz saw him at the bar, and provides no facts as to what time he saw Virginia Petz, where her home is in relation to the Dollar General store where the robbery occurred, or how long it would take him to get from one place to the other. Assuming that Virginia Petz could testify as to having seen Defendant some time before the robbery occurred, Defendant has not established that she could provide him with an alibi for the time of the robbery.  She could not testify, for example, that Defendant actually went from her residence to the bar, rather than going directly to the Dollar General store and going to the bar from there. On the other hand, two eye witnesses, one of whom knew Defendant, identified Defendant as the robber without hesitation.  *See Trial Transcript*, pp. 185-186, 200, 203-204, 207-209, 224.

Moreover, counsel did list Virginia Petz as an alibi witness.  *See Deposition of Virginia Petz*, p. 5.  However, Ms. Petz was unable to state at her deposition

by the state whether she even saw Defendant on the date of the robbery, let alone what time she saw him. *See Deposition of Virginia Petz*, pp. 5-7. The decision of whether to call witnesses is a matter of trial strategy that should not be second guessed in a post-conviction proceeding. See <u>Buford v. State</u>, 492 So.2d 355 (Fla. 1986). Generally, a finding that counsel's actions or inactions are a matter of trial strategy is inappropriate without an evidentiary hearing. See <u>Collins v. State</u>, 671 So.2d 827 (Fla. 2d DCA 1996). However, in this case based on the deposition testimony of Virginia Petz it is absolutely clear that Ms. Petz would not have been able to provide an alibi for Defendant, and had no other pertinent information to provide at trial. Therefore, it is clear that counsel's failure to call her as a witness was a strategic decision and was not deficient performance. This claim is denied accordingly.

Majik Touch Cleaners Robbery

At Defendant's trial in count two, James Metzel testified on direct that he held jam sessions at his home every Wednesday and Thursday evening, and that Defendant was always there. *See Count II Trial Transcript*, pp. 558-563. As the robbery in that case occurred on a Wednesday evening, he asserted that he knew Defendant was with him. *See Count II Trial Transcript*, pp. 562-563. Because the robbery of the Majik Touch Cleaners in this count occurred on a Thursday evening, Defendant alleges counsel was ineffective for failing to call Mr. Metzel as an alibi witness. Mr. Metzel did not testify at Defendant's trial in count three.

To prove ineffective assistance of counsel, Defendant must prove both that counsel's performance was deficient, and that counsel's deficient performance prejudiced Defendant. See <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Specific acts or omissions must be alleged to demonstrate deficient performance. See id. To establish that he was prejudiced, Defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See <u>Kidney v. State</u>, 559 So. 2d 1292 (Fla. 2d DCA 1990). If the claims fails to satisfy either the performance or the prejudice component, the court need not consider the other. See <u>Johnson v. State</u>, 593 So. 2d 206 (Fla. 1992).

Defendant's claim fails to meet the test, and the Court finds that counsel did not provide ineffective assistance in failing to call Mr. Metzel as a witness. Although the decision as to whether some action or inaction on counsel's part was a matter of trial strategy should generally not be made without an evidentiary hearing, see <u>Collins v. State</u>, 671 So. 2d 827 (Fla. 2d DCA 1996),

in this case counsel's decision not to call Mr. Metzel was clearly a strategic decision. An attorney's decisions regarding trial strategy will not be disturbed on a motion for post conviction relief. See Buford v. State, 492 So. 2d 355 (Fla. 1986). There is no question that counsel was aware of Mr. Metzel and what his testimony would be. Defendant's trial on count two concluded on June 1, 2001, and his trial on count three began on that same date. Mr. Metzel testified at Defendant's trial on count two, and would have been present and available to testify at Defendant's subsequent trial on count three. Counsel advised the Court she was calling one witness and, when questioned by the Court whether it was "the nephew," answered that it was not. *See Count III Trial Transcript*, p. 566.

Furthermore, a review of Mr. Metzel's deposition and trial testimony shows that counsel's failure to call him as a witness at Defendant's trial in count three was neither deficient nor did it prejudice Defendant. In his deposition, Mr. Metzel stated that he did not know where Defendant was on any of the dates of the robberies in question. *See Deposition of James Metzel*, p. 6. Although at trial Mr. Metzel testified that he always held the practice sessions every Wednesday and Thursday and that Defendant was present at each and every one, his testimony was considerably less certain at the time of his deposition. *See Count II Trial Transcript*, pp. 558-563; *Deposition*, pp. 6-12.

Mr. Metzel stated during his deposition that Defendant would come over and jam with him and other musicians for band practice, and further stated "that's usually every Wednesday, sometimes Thursdays." *See Deposition*, p. 7. When asked if he knew for a fact whether Defendant was present specifically at any of the band practices during the month of April or May of 1998, Mr. Metzel stated "if [Defendant] wasn't arrested then, yeah, he was most likely at the band practice." *See Deposition*, pp. 7-8. While recounting a conversation with Defendant, Mr. Metzel testified that he told Defendant "you were at all the band practices, damn near." *See Deposition*, pp. 9-10. And, finally, Mr. Metzel stated that "if that was a Wednesday, [Defendant] was most likely definitely there." *See Deposition*, p. 10.

Despite Mr. Metzel's testimony as to Defendant's alibi at the trial on count two, the jury found Defendant guilty. The State was able to discredit Mr. Metzel's testimony, both during cross examination and during closing argument, by pointing to the numerous inconsistencies between his trial testimony and his deposition testimony. *See Count II Trial Transcript*, pp. 563-586, 689-692. As an alibi witness for Defendant, Mr. Metzel's testimony would arguably be more persuasive for the robbery charge in count two, which

occurred on a Wednesday evening, than for the robbery in count three, which occurred on a Thursday evening.  Mr. Metzel's only testimony at deposition regarding Thursday evenings was that he "sometimes" held band practice on Thursdays.  *See Deposition*, p. 7.

Based on the foregoing, the Court finds that counsel did not provide ineffective assistance and that counsel's decision not to call Mr. Metzel as an alibi witness was a reasonable strategic decision under the circumstances.

The state trial court properly applied the <u>Strickland</u> standard in resolving the issue concerning these two alibi witnesses.  Since the state trial court did not unreasonably apply federal law, this ground fails on its merits, and the claim as to the Dollar General robbery is time-barred.

## GROUND THIRTEEN - MAJIK TOUCH CLEANERS ROBBERY

**Ineffective assistance of counsel - failing to strike victim's testimony.**

In support of ground thirteen, Petitioner states:

Trial counsel was aware that the victim Suzanne Hayes was shown a photograph of Petitioner before trial occurred.  The most significant element of this occurred when the person that showed the photograph was not involved with the investigation of the charged offenses, was not directed by superior officers to obtain confirmation of the identification, was not authorized to conduct the photograph procedure by removing the photo from F.D.L.E. file and was the victim's father. . . . Counsel asked for a mistrial but counsel did not move to strike the victim's testimony as being part of coercion and an unduly suggestive process.  Nor was any curative instruction requested even though the prejudice was of an amount that no instructions could have been given to resolve the error committed.

Once again, Petitioner only makes general conclusory statements that the showing of the photograph before trial was overly suggestive.  He does not cite to any case to demonstrate that the lower court misconstrued or misapplied federal law, nor does he point

to any factors (other than the showing of the photograph) that would make the identification

unreliable.

Petitioner made this same argument in his Rule 3.850 motion, and the state court

ruled:

> Defendant claims that counsel was aware that the victim was shown a
> photograph of Defendant before trial, and did not move to strike the victim's
> identification of Defendant and testimony as being the result of coercion and
> an unduly suggestive process. The victim's father showed her a recent
> photograph of Defendant, who had gained weight and looked different at the
> time of trial than he did at the time of the offense. *See Trial Transcript*, pp.
> 284-285. Contrary to Defendant's assertion, the record shows that counsel
> was not made aware of this until after the victim had begun her testimony and
> had made an in court identification of Defendant. *See Trial Transcript*, pp.
> 283-285. Counsel immediately moved for a mistrial, the victim's testimony
> was suspended until such time as counsel had the opportunity to depose her
> and her father regarding the incident, and a <u>Richardson</u> hearing was conducted.
> *See Trial Transcript*, pp. 284, 286, 291-292, 363-368.
>
> The victim identified Defendant without hesitation from a photo pack she was
> shown shortly after the robbery. *See Trial Transcript*, pp. 392-393, 461-465.
> The victim also testified at trial that, even though Defendant looked somewhat
> different than he did at the time of the robbery, she recognized him in the
> recent photograph and would have been able to identify him at trial without
> consideration of the photograph. *See Trial Transcript*, pp. 394-396. The
> Court found the violation to be inadvertent, trivial, and remedied by the
> sanctions imposed. *See Trial Transcript*, pp. 366-368. The Court further
> found that, with the sanctions as imposed, there was no legal prejudice to
> Defendant. *See Trial Transcript*, p. 368. Had counsel moved to strike the
> victim's testimony and her identification of Defendant, such motion would
> clearly not have been granted. Defendant's claim is clearly refuted by the
> record, and without merit.

The findings of fact of the state court are supported by the record and was not an

unreasonable determination of the facts from the evidence. Further, Petitioner has made no

showing that trial counsel's performance was deficient or that he was prejudiced by an overly

suggestive identification.  Therefore, this ground fails on the merits.

## GROUND FOURTEEN - MAJIK TOUCH CLEANERS ROBBERY

**Ineffective assistance of counsel - discovery violation.**

In support of ground fourteen, Petitioner states:

Trial counsel informed the Petitioner and stated within a motion for new trial, the opportunity to prepare a defense at trial for victim's father whom committed a prejudicial error regarding the suggestive identification, was thwarted by the prosecution's discovery violation.  Counsel failed to file a notice of discovery of violation with the Court on behalf of the prosecution and its error, which was the appropriate procedure, and such denied Petitioner the opportunity to a fair trial as well as the assistance of counsel that through (sic) performance can be deemed reasonably effective.

Petitioner made this argument in his 3.850 motion and the state court ruled:

There is no requirement within Fla. R. Crim. P. 3.220 that a written notice alleging a discovery violation be filed.  As previously discussed above, the State brought the discovery violation to the attention of the Court and defense counsel, a <u>Richardson</u> hearing was conducted by the Court, and an appropriate remedy was fashioned.  *See Trial Transcript*, pp. 282-292, 363-368. Accordingly, this claim is conclusively refuted by the record.

Petitioner's claim in this ground is factually incorrect.  The discovery violation was brought to the attention of the state trial court and a <u>Richardson</u> hearing was held.  The state trial court was correct in determining that there was no deficient performance on the part of trial counsel and Petitioner was not in any way prejudiced.  Therefore, this claim does not meet either prong of <u>Strickland</u> and fails on the merits.

## GROUND FIFTEEN - MAJIK TOUCH CLEANERS ROBBERY

**Ineffective assistance of counsel - failure to object to improper closing argument by prosecutor.**

In support of ground fifteen, Petitioner states:

During the prosecutor's closing argument, the state informed the jury that it was not necessary for the officer to test-fire the BB gun, because the law did not require it. Counsel did not object to this improper misstatement of the law to the jury.

Petitioner made this claim in his 3.850 attack on his judgment of conviction for the

Majik Touch Cleaners robbery, and the state trial court ruled:

Defendant claims that the prosecutor told the jury in closing argument that it was not necessary for the officer to test fire the BB gun because the law did not require it. Defendant claims counsel was ineffective for failing to object to the State's "improper misstatement of the law." However, the record reflects that the prosecutor never stated that "the law did not require" the BB gun be test fired. The prosecutor actually argued that it was unnecessary because the caliber of pellets required was marked directly on the BB gun, and the box of pellets were also marked with the caliber. *See Trial Transcript*, p. 656. There was no indication during trial, and Defendant does not so allege in his motion, that the gun was inoperable. Therefore, the prosecutor did not "misstate the law" as alleged by Defendant and counsel had no basis to object.

Petitioner's claim in ground fifteen is that the prosecutor, in closing argument, made

a misstatement of law. As the state trial court determined, the prosecutor did not make a

misstatement of law. Therefore, Petitioner's claim is factually incorrect. Further, trial

counsel was not deficient in failing to object and Petitioner was not prejudiced thereby. This

claim does not meet either prong of Strickland and therefore fails on the merits.

## GROUNDS SIXTEEN AND SEVENTEEN - DOLLAR GENERAL ROBBERY

**Ineffective assistance of counsel - failure to object to jury instructions.**

Petitioner fails to identify which trial he is attacking with these two grounds which are worded exactly the same.  It appears that this is one claim, repeated in error, and applies to the Dollar General robbery.  The gravamen of the claim is that trial counsel  was ineffective for failing to object to the Court giving an instruction that a BB gun was a firearm.

Petz made this same argument to the state trial court in his 3.850 motion, and the state court ruled:

> Defendant claims that counsel failed to object and inform the Court that the Florida Supreme Court had recently ruled that a BB gun was not a firearm, thus allowing the Court to give an instruction that a BB gun was classified as a firearm.  The Court did not instruct or indicate to the jury in any way that a BB gun was a firearm.  Rather, the standard definition of a firearm was given, without reference to a BB gun.  The issue at trial was whether what the witness saw was a firearm.  Although Defendant was arrested some time after the robbery with a BB gun in his possession, the question of whether that was the gun used in the robbery was left to the jury to decide.

Petitioner  is factually incorrect in asserting that a jury instruction was given defining a BB gun as a firearm.  Trial counsel cannot be faulted for not objecting to a non-existent instruction.  Therefore, this claim fails because it is time-barred and, even if not time-barred, would fail on the merits.

## GROUND EIGHTEEN - DOLLAR GENERAL ROBBERY

**Ineffective assistance of counsel - failure to consult with defense witnesses.**

In support of this claim, Petitioner states:

Defense counsel failed to investigate and depose witnesses for the defense (and) to consult with witnesses for the defense until the day before trial. This (sic) is clear that counsel was not prepared, failed to do a meaningful competent investigation and prepare witnesses for trial by way of consultation. The witnesses admitted to Petitioner's family that they did not know what the procedure was, what was to occur, or anything they were to specifically recall in giving their testimony.

Petitioner does not state which trial he is attacking with this ground, but it appears that it is the Dollar General robbery. Petitioner does not say what witnesses counsel should have met with before trial, or what those witnesses would have or could have said differently, and in what specific way it would have altered the outcome of the trial.

Petitioner made this same claim in his 3.850 motion attacking his Dollar General robbery conviction, and the state court ruled:

Defendant claims that counsel failed to investigate and depose defense witnesses or to consult with witnesses before the day of trial. Defendant states that "had counsel consulted with witnesses and investigated before trial, the witnesses would have known what areas were of importance to ensure the jury received factual testimony necessary to produce an acquittal." All three of Defendant's witnesses were testifying to the fact that they saw Defendant at the bar on the evening of the robbery, although none of the witnesses was able to testify as to the exact time they saw Defendant or to knowing Defendant was present at the bar at the time the robbery occurred. *See Trial Transcript*, pp. 303-304, 309-310, 314-318, 320-323, 339-340. The fact that they were unable to provide Defendant with an alibi for the time of the robbery is not a reflection that they were unprepared to testify fully and truthfully. Defendant does not explain why he believes the witnesses would require advance preparation to know how to testify, nor does he provide any facts to show that their testimony was lacking in any way due to the alleged failure of counsel to consult with and prepare the witnesses in advance. Accordingly, Defendant has failed to establish that he was prejudiced by such alleged failure on the part of counsel.

The state court properly applied <u>Strickland</u> in resolving this claim.  Therefore, this claim fails because it is time-barred, and fails on the merits.

## **GROUND NINETEEN - DOLLAR GENERAL ROBBERY**

**Ineffective assistance of counsel - failure to impeach.**

Petitioner supports ground nineteen by stating:

Defense counsel was aware that the state's key witness, Christina Wilbert, the Dollar General clerk, gave inconsistent statements as to what was taken during the robbery by Petitioner.  Counsel was aware from Detective James Law's arrest report that the witness informed him that Petitioner took $100.  The witness stated also during the same examination that close to $1,000 was taken.  However, neither detective corroborates such.  In fact, the fact still remains that only $100 was taken during the robbery as reported by the store clerk.

. . .

Had counsel impeached the witness, the jury would have regarded her testimony as not credible.  The variance between $100 and $1,000 is too vast to declare an oversight.  The jury would not have found Petitioner guilty, due to the major inconsistencies and Petitioner would have been acquitted.

The state trial court addressed the same claim in Petitioner's 3.850 motion, and ruled:

Defendant (sic) questioned the victim, the police officer who responded to the robbery, and the detective who subsequently investigated the robbery about the discrepancy in the witness' initial statement as to how much money was taken and subsequent accounts.  *See Trial Transcript*, pp. 179-180, 194-195, 330, 345-347.  Although a reasonable explanation was provided by the witnesses for such discrepancy, counsel nevertheless brought out such discrepancy for consideration by the jury.  Defendant's claim is, therefore, refuted by the record.

Since trial counsel did bring the inconsistencies to the attention of the jury, this claim is factually incorrect.  Further, cross-examination is an art and it cannot be said that trial

counsel was deficient in any way for handling the inconsistencies in the way in which she

did.  The state trial court properly applied <u>Strickland</u> to this claim and found that counsel's

performance was not deficient.  This was not an unreasonable application of federal law.

This claim will be denied because it is time-barred and, even if it were not time-

barred, it would be denied on the merits.

## **GROUND TWENTY - MAJIK TOUCH CLEANERS ROBBERY**

**Ineffective assistance of counsel - failure to call alibi witnesses.**

Petitioner supports ground twenty by stating:

(T)rial counsel rendered deficient performance when counsel failed to call an
alibi witness that placed the Petitioner at a different location other than the
crime scene which would have supported his misidentification defense.  Trial
counsel was aware of James Metzel who was a potential defense witness who
was available and willing to testify on behalf of Petitioner.  Had James Metzel
(sic) he would have testified under oath that the Petitioner was with him at the
time of the instant offense.

This is the same claim as ground twelve and the issues surrounding James Metzel

have been previously addressed.  This claim fails for lack of merit.

## **CONCLUSION**

All of Petitioner's claims are time-barred or lack merit.  The petition will therefore be

dismissed in part and denied in part.

It is therefore ORDERED AND ADJUDGED that:

1.     Petitioner's claims as to the Dollar General robbery are hereby DISMISSED

as time-barred.  If they were not time-barred, this Court would deny each of

those claims for lack of merit.

2.      All remaining claims are DENIED.

3.      The Clerk is directed to enter judgment in favor of Respondents and against

the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on December 5, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies Furnished To**</u>:
Counsel/Parties of Record

*F:\Docs\2006\06-cv-2232.deny 2254.wpd*